UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OCTAVIA WALKER, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCAN HEALTH, <br><br> Defendant. | Case No. 2:26-CV-24-GSL-JEM |

## OPINION AND ORDER

Plaintiff Octavia Walker, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis. For the reasons below, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Accordingly, Plaintiff's Complaint, [DE 1], is **DISMISSED**.

## DISCUSSION

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil

Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff satisfies the financial prong of the analysis, so the Court turns to whether the suit has sufficient merit to proceed. Plaintiff alleges that on November 6, 2025, she received a phone call from Franciscan Health, a healthcare system with an office located in Hammond, Indiana. [DE 1 at 4]. Plaintiff does not allege what the phone call was regarding but does indicate that she told the representative to stop calling here, effectively "revok[ing] consent at that time." [*Id*.].

Plaintiff further contends that during between November and December 2025, Franciscan Health contacted her, from the same phone number as before, without her prior express consent, and in doing so, violated the Telephone Consumer Protection Act ("TCPA"). [DE 1]. She claims that Franciscan Health left voice messages stating, "[t]his is [the] business office of Franciscan [H]ealth with an important message[.] [P]lease call us back at …" [*Id*. at 4]. Because of this, Plaintiff claims she has "suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received pre-recorded phone call[s] from [Franciscan Health]." [*Id*. at 5].

2

The TCPA regulates, *inter alia*, the use of automated telephone equipment, or "predictive dialers", defined as, equipment which "has the capacity …(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(l). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

[*Id.*].

Here, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff is not being subjected to calls or texts from a service utilizing a randomized number generator. Rather, Franciscan Health is intentionally and purposefully contacting her to provide informational notices, presumedly regarding healthcare she received from a Franciscan Health provider. This is not activity that is subject to the TCPA, nor has Plaintiff provided this Court with any legal authority to the contrary.

## CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Plaintiff's Complaint, [DE 1], is **DISMISSED**. The Court **DIRECTS** the Clerk to close this case.

SO ORDERED.

ENTERED: January 26, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court